| AUSA: | Philip Ross | Telephone: | (313) 226-9790 |
|---|---|---|---|
| Special Agent: | Claudia Link, FBI | Telephone: | (313) 965-5378 |

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America
v.
WAHID MOHAMED MAKKI

Case No. Case: 2:22–mj–30053
Assigned To : Unassigned
Assign. Date : 2/4/2022
USA V. SEALED MATTER (CMP)(CMC)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __June 23, 2020 through March 8, 2021__ in the county of __WAYNE COUNTY__ in the __EASTERN__ District of __MICHIGAN__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1343 | Wired Fraud |
| 18 U.S.C. § 1956(a)(1)(B)(ii) | Money Laundering |

This criminal complaint is based on these facts:

SEE AFFIDAVIT.

☑ Continued on the attached sheet.

_Claudia Link_
Complainant's signature

Special Agent CLAUDIA LINK, FBI
Printed name and title

Sworn to before me and signed in my presence and/or by reliable electronic means.

Date: February 4, 2022

City and state: Detroit, Michigan

_Kimberly G. Altman_
Judge's signature

HON. KIMBERLY G. ALTMAN
Printed name and title

## AFFIDAVIT IN SUPPORT OF A COMPLAINT

I, Claudia Link, Special Agent of the Federal Bureau of Investigation (FBI), being duly sworn, state that:

## INTRODUCTION AND AGENT BACKGROUND

1. I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18 of the United States Code. I am empowered to conduct investigations of and to make arrests for offenses enumerated in Title 18 of the United States Code.

2. I have been employed by the FBI as a Special Agent since July 2002. During my employment with the FBI, I have investigated federal crimes including wire fraud, bank fraud, health care fraud, and various other criminal matters. At all times during the investigation described in this affidavit, I have been acting in an official capacity as a Special Agent of the FBI.

3. This affidavit is made in support of a criminal complaint and arrest warrant for WAHID MAKKI for wire fraud in violation in violation of 18 U.S.C. §1343 and concealment money laundering in violation of 18 U.S.C. 1956(a)(1)(B)(i).

4. This affidavit is submitted for the limited purpose of securing a criminal complaint and arrest warrant; therefore, this affidavit does not contain every fact that I have learned during the course of the investigation. I have only set forth the facts necessary to establish probable cause to believe that WAHID MAKKI violated the

1

statutes identified above. The information contained in this affidavit is based upon my personal knowledge, training and experience, as well as the combined knowledge, training and experience of other law enforcement officers and agents with whom I have had discussions.

5. 18 U.S.C. §1343 criminalizes schemes or artifices to defraud or obtaining money or property by means of false or fraudulent pretenses, representations, or promises, when for the purpose of executing the scheme, the person transmits, or causes to be transmitted, any writings, signs, signals, pictures, or sounds by means of wire communication in interstate commerce.

6. 18 U.S.C. § 1956(a)(1)(B)(i) prohibits individuals from engaging in financial or attempting to engage in financial transactions – knowing that the property involved represents the proceeds of some form of unlawful activity –and knowing that the transaction is designed in whole or part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified of unlawful activity.

## BACKGROUND OF THE ECONOMIC INJURY DISASTER LOANS

7. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act is a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of Americans who are suffering the economic effects caused by the COVID-19 pandemic. One source of relief provided by the

CARES Act was the Economic Injury Disaster Loan ("EIDL") program, which is overseen by the Small Business Administration (SBA) and provides low-interest financing to small businesses, renters, and homeowners in regions affected by declared disasters.

8. The CARES Act authorized the SBA to provide EIDLs of up to $2 million to eligible small businesses experiencing substantial financial disruption due to the COVID-19 pandemic. In addition, the CARES Act authorized the SBA to issue advances of up to $10,000 to small businesses within three days of applying for an EIDL. The amount of the advance is determined by the number of employees the applicant certifies having. The advances do not have to be repaid.

9. In order to obtain an EIDL and advance, a qualifying business must submit an application to the SBA and provide information about its operations, such as the number of employees, gross revenues for the 12-month period preceding the disaster, and cost of goods sold in the 12-month period preceding the disaster. In the case of EIDLs for COVID-19 relief, the 12-month period was that preceding January 31, 2020. The applicant must also certify that all of the information in the application is true and correct to the best of the applicant's knowledge.

10. EIDL applications are submitted directly to the SBA and processed by the agency with support from a government contractor, Rapid Finance. The amount of the loan, if the application is approved, is determined based, in part, on the

3

information provided in the application about employment, revenue, and cost of goods, as described above. Any funds issued under an EIDL or advance are issued directly by the SBA. EIDL funds can be used for payroll expenses, sick leave, production costs, and business obligations, such as debts, rent, and mortgage payments. In addition, the EIDL funds cannot be used to expand a business or purchase capital assets.

## PROBABLE CAUSE

11. Federal agents reviewed the financial records of WAHID MAKKI and ZEINAB MAKKI and identified EIDL loans deposited into JPMorganChase ("JPMC") bank accounts opened and controlled by WAHID MAKKI. Financial records show 10 EIDL disbursements totaling $1,082,600 were deposited in June and July 2020 into JPMC accounts controlled by WAHID MAKKI. Subsequent investigation of the EIDL applications by the FBI identified 17 EIDL applications, of which 10 were funded into WAHID MAKKI's JPMC accounts, as follows (Figure 1):

| APPLICATION DATE | POSTED DATE | ENTITY NAME | LOAN AMOUNT | DEPOSIT INSTITUTION | APPLICANT'S NAME |
|---|---|---|---|---|---|
| 06/22/2020 | 06/29/2020 | Kirtland Corp. dba New Millenium (sic) Drugs | $150,000.00 | JPMC Bank | Wahid Makki |
| 06/22/2020 | 06/29/2020 | Western Wayne Pharmacy, LLC | $132,100.00 | JPMC Bank | Wahid Makki |
| 06/30/2020 | 07/21/2020 | New Millenium Investment #1, LLC | $122,500.00 | JPMC Bank | Wahid Makki |
| 06/30/2020 | 07/27/2020 | New Millenium Investment #4, LLC | $46,000.00 | JPMC Bank | Wahid Makki |

| APPLICATION DATE | POSTED DATE | ENTITY NAME | LOAN AMOUNT | DEPOSIT INSTITUTION | APPLICANT'S NAME |
|---|---|---|---|---|---|
| 06/30/2020 | 07/23/2020 | New Millenium Investment #5, LLC | $64,300.00 | JPMC Bank | Wahid Makki |
| 06/30/2020 | 07/21/2020 | New Millenium Investment #6, LLC | $63,200.00 | JPMC Bank | Wahid Makki |
| 06/30/2020 | 07/21/2020 | New Millenium Investment #7, LLC | $150,000.00 | JPMC Bank | Wahid Makki |
| 06/30/2020 | 07/21/2020 | New Millenium Investment #10, LLC | $72,200.00 | JPMC Bank | Wahid Makki |
| 06/30/2020 | 07/27/2020 | New Millenium Investment #11, LLC | $150,000.00 | JPMC Bank | Wahid Makki |
| 06/30/2020 | 07/27/2020 | New Millenium Investment #13, LLC | $133,300.00 | JPMC Bank | Wahid Makki |

12. Further investigation revealed that in September and November 2020, approximately $683,501 of the total amount of MAKKI's EIDL loans was transferred via checks from the JPMC accounts to various Comerica Bank accounts opened by and under the control of WAHID MAKKI. Between February 25, 2021, and March 1, 2021, approximately $683,100 of the EIDL funds from these various Comerica Bank accounts was subsequently transferred into a personal account (x5416) at Comerica Bank in the name of WAHID MAKKI. Additionally, between December 28, 2020, and March 5, 2021, another $272,000 of the EIDL funds was transferred from the JPMC accounts directly into the same personal account (x5416) at Comerica Bank. Altogether, $955,100, approximately 88 percent of the total amount of MAKKI's EIDL loans deposited into the JPMC accounts, was transferred into the same account (x5416) at Comerica Bank between December 28, 2020, and March 5, 2021. On March 8, 2021, a wire in the amount of $1,190,000 was sent from

5

this personal account (x5416) to a bank in Istanbul, Turkey, via Standard Chartered Limited, a financial institution operating in New York, New York; the beneficiary of the funds was identified as "Walid Demachkie." A transaction log associated with the wire indicated the purpose of the transfer was "Buying a seaview condo in ein-mericy Beirut-Lebanon."

13. In addition to WAHID MAKKI not using the EIDL loan funds for their intended purpose (*i.e.*, to cover operating expenses, including payroll, rent/mortgage, utilities, and other ordinary business expenses, or to pay business debt incurred from operating the business), the investigation revealed that fraudulent revenue information and employee counts were used in support of the EIDL loan applications submitted by WAHID MAKKI for many of the entities listed in Figure 1. The entities discussed below are examples but are not an exclusive list.

### NEW MILLENIUM INVESTMENT #1, LLC

14. Your affiant reviewed loan and financial documents obtained from the SBA pertaining to WAHID MAKKI's application to obtain an EIDL loan for $122,500 for New Millenium (*sic*) Investment #1, LLC. The executed Loan Agreement, which was submitted to the SBA electronically, contains the signature of WAHID MAKKI and is dated July 17, 2020.

15. WAHID MAKKI's EIDL application to the SBA claimed New Millenium Investment #1 LLC's 2019 gross revenues were $378,542, the 2019 cost of goods

sold was $123,658, and the business had five employees. The company's business activity was described on the application as "property management/realty."

16. Your affiant queried information from the State of Michigan Unemployment Insurance Agency (UIA) concerning New Millenium Investment #1. The State's UIA found no records, to include wage or employee information, associated with the business name or Employer Identification Number (EIN) of New Millenium Investment #1.

17. Your affiant reviewed WAHID MAKKI's business accounts at JPMC and Comerica Bank under the name of New Millenium Investment #1 LLC covering the period of 2019. The total deposits into the accounts in 2019 were approximately $6,500, and not $378,542 as reflected as the business's 2019 gross revenues on WAHID MAKKI's EIDL application. The total debits from the accounts in 2019 were approximately $11,119, and not $123,658 as reflected as the business's 2019 cost of goods sold on WAHID MAKKI's EIDL application.

18. On July 2, 2020, an EIDL advance in the amount of $5,000 was deposited into New Millenium Investment #1 LLC's JPMC account (x9617). On July 21, 2020, the EIDL loan amount of $122,400[1] was deposited into the same JPMC account (x9617). WAHID MAKKI is the only signer on the account. After receiving the EIDL funds, WAHID MAKKI made a withdrawal of $1,800, deposited $4,500 into his personal

---

[1] The SBA deducts a third-party Uniform Commercial Code $100 handling charge from each EIDL.

7

account at Comerica Bank (x5416), and wrote three checks of approximately $12,000 to the City of Dearborn Heights. No other payments were made from that account after the deposit of the EIDL funds, to include payroll or other potential business expenses. On November 24, 2020, WAHID MAKKI deposited $109,000 from the JPMC account (x9617) into New Millenium Investment #1 LLC's Comerica Bank account (x3723), and then transferred those funds on February 25, 2021, to his personal Comerica Bank account (x5416). The $109,000 was part of the wire totaling $1,190,000 that WAHID MAKKI sent to Istanbul, Turkey, on March 8, 2021, to Walid Demachkie for the purchase of the condominium in Beirut, Lebanon.

## NEW MILLENIUM INVESTMENT #4, LLC

19. Your affiant reviewed loan and financial documents obtained from the SBA pertaining to WAHID MAKKI's application to obtain an EIDL for $46,000 for New Millenium (sic) Investment #4, LLC. The executed Loan Agreement, which was submitted to the SBA electronically, contains the signature of WAHID MAKKI and is dated July 23, 2020. The corporation's address was provided as 724 Kinloch, Dearborn Heights, Michigan, which is the home address of WAHID MAKKI.

20. WAHID MAKKI's EIDL application to the SBA claimed that New Millenium Investment #4's 2019 gross revenues were $165,214, the 2019 cost of

8

goods sold was $65,238, and the business had four employees. The company's business activity was described on the application as "property management/realty."

21. Your affiant queried information from the State of Michigan UIA concerning New Millenium Investment #4. The State's UIA found no records, to include wage or employee information, associated with the business name or EIN of New Millenium Investment #4.

22. Your affiant reviewed WAHID MAKKI's business accounts at JPMC and Comerica Bank under the name of New Millenium Investment #4 LLC covering the period of 2019. The total deposits into the business accounts in 2019 were $13,475, and not $165,214 as reflected as the business's 2019 gross revenues on WAHID MAKKI's EIDL application. The total debits from the business accounts in 2019 were approximately $13,476, and not $65,238 as reflected as the business's 2019 cost of goods sold on WAHID MAKKI's EIDL application.

23. On July 2, 2020, an EIDL advance in the amount of $4,000 was deposited into New Millenium Investment #4 LLC's JPMC account (x6721). On July 27, 2020, the EIDL amount of $45,900 was deposited into the same JPMC account (x6721). WAHID MAKKI is the only signer on the account. After receiving the EIDL funds, WAHID MAKKI wrote four checks totaling approximately $12,050 to the city of Dearborn Heights. No other payments were made from that account after the deposit of the EIDL funds, to include payroll or other potential business expenses. On

9

November 24, 2020, WAHID MAKKI deposited $38,000 from the JPMC account (x6721) into New Millenium Investment #4 LLC's Comerica Bank account (x3699), and then transferred those funds on February 25, 2021, to his personal Comerica Bank account (x5416). The $38,000 was part of the wire totaling $1,190,000 that WAHID MAKKI sent to Istanbul, Turkey, on March 8, 2021, to Walid Demachkie for the purchase of the condominium in Beirut, Lebanon.

## NEW MILLENIUM INVESTMENT #6, LLC

24. Your affiant reviewed loan and financial documents obtained from the SBA pertaining to WAHID MAKKI's application to obtain an EIDL loan for $63,200 for New Millenium (*sic*) Investment #6, LLC. The executed Loan Agreement, which was submitted to the SBA electronically, contains the signature of WAHID MAKKI and is dated July 17, 2020. The corporation's address was provided as 724 Kinloch, Dearborn Heights, Michigan, which is the home address of WAHID MAKKI.

25. WAHID MAKKI's loan application to the SBA claimed New Millenium Investment #6 LLC's 2019 gross revenues were $196,542, the 2019 cost of goods sold was $62,148, and the business had four employees. The company's business activity was described on the application as "property management/realty."

26. Your affiant queried information from the State of Michigan UIA concerning New Millenium Investment #6. The State's UIA found no records, to include wage

or employee information, associated with the business name or EIN of New Millenium Investment #6.

27. Your affiant reviewed WAHID MAKKI's business accounts at JPMC and Comerica Bank under the name of New Millenium Investment #6 LLC covering the period of 2019 and discovered there were no transactions in the business accounts in 2019. Therefore, the total deposits in 2019 were $0, and not $196,542 as reflected as the business's 2019 gross revenues on WAHID MAKKI's EIDL application. The total debits were $0, and not $62,148 as reflected as the business's cost of goods sold on WAHID MAKKI's EIDL application.

28. On July 2, 2020, an EIDL advance in the amount of $4,000 was deposited into New Millenium Investment #6 LLC's JPMC account (x7085). On July 21, 2020, the EIDL amount of $63,100 was deposited into the same JPMC account (x7085). WAHID MAKKI is the only signer on the account. After receiving the EIDL funds, WAHID MAKKI wrote a check for $1,000 to Jaguar Land Rover Farmington Hills and two checks to the City of Dearborn Heights totaling approximately $6,921. No other payments were made from that account after the deposit of the EIDL funds, to include payroll or other potential business expenses. On November 27, 2020, WAHID MAKKI deposited $59,000 from the JPMC account (x7085) into New Millenium Investment #6 LLC's Comerica Bank account (x6153), and then transferred those funds on March 1, 2021, to his personal Comerica Bank account

(x5416). The $59,000 was part of the wire totaling $1,190,000 that WAHID MAKKI sent to Istanbul, Turkey, on March 8, 2021, to Walid Demachkie for the purchase of the condominium in Beirut, Lebanon.

## CONCLUSION

29. Your affiant submits that there is probable cause to believe that WAHID MAKKI devised and perpetrated a scheme or artifice to defraud the SBA. In furtherance of and to execute this scheme, WAHID MAKKI sent electronic loan applications and other writings, signs, signals, and pictures in interstate commerce by means of wire communication, as set forth above. In addition, your affiant submits there is probable cause to believe that WAHID MAKKI's use of the loan proceeds obtained from this unlawful activity constituted money laundering.

30. Therefore, your affiant believes that probable cause exists that WAHID MAKKI violated 18 U.S.C. §1343 (wire fraud) and 18 U.S.C. § 1956(a)(1)(B)(i) money laundering.

_____
CLAUDIA M. LINK
Special Agent
Federal Bureau of Investigation

Sworn to before me and signed in my presence and/or by reliable electronic means.

_____
HON. KIMBERLY G. ALTMAN
United States Magistrate Judge

DATED: February 4, 2022